1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, as Subrogee of the City of Anaheim and the CITY OF ANAHEIM,<br><br>            Plaintiffs,<br><br>v.<br><br>AIR NEW ZEALAND LIMITED, a Corporation, GENERAL ELECTRIC COMPANY, a Corporation and DOES 1-25, Inclusive Defendants,<br><br>            Defendants. | Case No.: SACV13-710 DOC (RNBx)<br><br>AMENDED STIPULATED PROTECTIVE ORDER [PROPOSED]<br><br>Magistrate Judge: The Honorable Robert N. Block<br><br>Trial Date:  June 24, 2014<br>Complaint Filed: April 4, 2013 |

WHEREAS, during discovery in this action, Plaintiffs and Defendants may be required to produce documents, answer interrogatories and provide testimony that might reveal confidential and proprietary information;

WHEREAS, the foregoing information may contain trade secret, confidential or proprietary information that should not be disclosed except in a restricted fashion; and

WHEREAS, some information of that type already has been requested in discovery.

IT IS HEREBY ORDERED that all trade secrets, confidential and proprietary records, documents, tangible items, materials and things which are

1258528v1

STIPULATED PROTECTIVE ORDER [PROPOSED]

produced by the parties hereto in the course of this action shall be produced and maintained by the parties in accordance with the following terms:

1. "Confidential Information" as used herein, means any documentary and/or tangible information of any type, kind or character which is designated as "Confidential Information" by either plaintiffs or defendants in this litigation. In designating information as "Confidential Information," the parties shall make such designation only as to that information that they in good faith believe contains trade secret, confidential or proprietary information.

(a) Each party shall make its designation of information as "Confidential Information" by stamping, marking or otherwise identifying as "Confidential" or "Confidential/Proprietary" or by other such similar designation, those records, documents, tangible items, materials and things deemed to contain trade secret, confidential or proprietary information. Such designations shall make such records, documents, tangible items, materials and things and all copies, prints, summaries or other reproductions subject to this Order. In lieu of marking the original of a document, if the original is not produced, each party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection by the parties.

(b) If in answering an interrogatory the answering party believes that an answer will contain "Confidential Information", the answering party shall set forth the answer in a separate document that is produced and designated as "Confidential Information" in the same manner as a produced document under the preceding subparagraph 1(a). The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

(c) If any "Confidential Information" is discussed as part of any deposition, the portions of the transcript relating to such testimony shall be designated as "Confidential Information." All parties in possession of a copy of a

deposition transcript with designated "Confidential Information" shall appropriately mark it as containing "Confidential Information."

2. Material that is designated as Confidential Information shall be used solely for the purpose of this litigation and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this order, nor shall materials designated as "Confidential Information" be sold, offered for sale, advertised or publicized.

3. Access to materials designated Confidential Information, and to the information contained therein (including extracts and summaries derived from them, except as otherwise provided herein) shall be restricted to:

   (a) the attorneys in the law firms appearing in this action and personnel who are directly employed by those firms and are assisting the attorneys working on this action, and attorneys (including lawyers admitted to practice under New Zealand law) employed by the parties to this litigation;

   (b) those officers, directors, and employees of the parties to this litigation whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render this assistance;

   (c) experts or consultants retained by the parties to this litigation in connection with this action;

   (d) the Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this litigation; and

   (e) such other persons as the parties shall agree to in writing, or the Court shall determine.

4. Except for attorneys (including lawyers admitted to practice under New Zealand law) employed by the parties to this litigation, each qualified person described in subparagraphs 3(c) or 3(e) of the preceding paragraph to whom "Confidential Information" is to be furnished, shown or disclosed shall first be

1  presented by the disclosing party with a copy of this Agreed Protective Order and
2  shall be required to sign an Addendum in the form attached hereto and containing:
3  (1) a recital that the signatory has read and understands this Order; (2) a recital that
4  the signatory understands that he or she is required to comply with the terms of this
5  Order; and (3) a recital that the signatory understands that unauthorized disclosures
6  of the "Confidential Information" are prohibited and constitute contempt of court.
7  A copy of the signed Addendum shall be provided by the disclosing party to the
8  party who produced the confidential, proprietary, or protected materials.

9       5.    Notwithstanding the foregoing, "Confidential Information" may be
10 described, excerpted and paraphrased by the attorneys of record for the parties in
11 reports and correspondence to Insurers, Reinsurers, Underwriting Personnel and
12 Retrocessionaires of Insurers of the parties and their employees, agents, officers
13 and directors, or other persons who receive such information because of the in
14 place computerized system of the parties or their Insurers  (hereinafter "Insurers"),
15 provided that such reports and correspondence to Insurers contain a statement
16 substantially in the following form: "CONFIDENTIAL INFORMATION UNDER
17 PROTECTIVE ORDER" and provided further that originals or copies of
18 documents designated "Confidential Information" are not transmitted to Insurers.

19      6.    Notwithstanding the foregoing, Confidential Information shall not be
20 disclosed under any circumstances to any employee, agent, or representative of any
21 company that is a competitor of Plaintiffs or Defendants.  Nothing herein shall
22 prevent or limit the disclosure of Confidential Information to Air New Zealand
23 Limited and its Gas Turbines Business Unit known as Air New Zealand Gas
24 Turbines, as provided herein.

25      7.    Plaintiffs and Defendants shall seek to have any other parties to this
26 litigation, whether presently a party or hereafter added, agree in writing to be
27 bound by the terms of this Protective Order.  Upon signing such written agreement,
28 a party shall be bound by the terms of this Order to the same extent as are Plaintiffs

1  and Defendants. No "Confidential Information" produced in this litigation shall be
2  produced to any other party in this litigation unless that party agrees to be bound
3  by the terms of this Protective Order or unless this Court orders otherwise.

4        8. Upon termination of this action (whether by judgment, settlement, or
5  otherwise), Plaintiffs and Defendants shall each assemble and return to the other
6  the "Confidential Information" produced by the other in this litigation, including
7  all copies thereof (but not including copies containing notes or other attorneys'
8  work product that may have been placed thereon by counsel for any of the parties
9  to this litigation). All copies of "Confidential Information" containing notes or
10 other attorneys' work product shall be destroyed within ten days of the final
11 resolution of this action, at which time counsel for the party who destroys the
12 documents shall confirm in writing to the party who produced the documents that
13 such destruction has occurred.

14       9. Nothing in this Order shall be deemed to restrict in any way any party
15 or its attorneys with respect to that party's own documents.

16       10. In accordance with Local Rule 79-5.1, if any papers to be filed with
17 the Court contain information and/or documents that have been designated as
18 "Confidential Information," the proposed filing shall be accompanied by an
19 application to file the papers or the portion thereof containing the designated
20 information or documents (if such portion is segregable) under seal; and the
21 application shall be directed to the judge to whom the papers are directed. For
22 motions, the parties shall publicly file a redacted version of the motion and
23 supporting papers.

24       11. In the event that counsel for the parties, at any stage of these
25 proceedings, has a good faith dispute with the designation of information produced
26 as "Confidential Information," counsel shall first try to resolve such dispute in
27 good faith on an informal basis, such as production of redacted copies. If the
28 dispute cannot be resolved on an informal basis, the objecting party shall notify all

1 other parties in writing that it is objecting to the designation of the information as
2 "Confidential Information," the basis for its objection, and that resolution of the
3 dispute has not succeeded. The challenging party shall then reasonably apply to
4 the Court for a determination whether the document is protected by this Order.
5 Any motion challenging the designation of information produced as "Confidential
6 Information" shall be made in strict compliance with Local Rules 37-1 and 37-2,
7 including the requirement of a joint written stipulation as set forth in Local Rule
8 37-2. Until a final determination by the Court, any disputed document will be
9 treated as "Confidential Information" pursuant to this Order. The party contending
10 that information is "Confidential Information" shall bear the burden of proof to
11 prove the necessity for such protection as "Confidential Information."

12. If any party inadvertently produces a document that it later discovers to be a privileged document, without marking the document as "Confidential Information," the production of that document shall not be deemed to constitute a waiver of any applicable privilege or protection. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production and provide new copies of the document appropriately designated as confidential. The receiving party shall then either return or confirm destruction of the inadvertently produced documents.

13. If any party inadvertently produces "Confidential Information" without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive or trade secret information. As soon as the receiving party becomes aware of the inadvertent production, the information shall be treated as if it had been timely designated under this Protective Order and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information.

14. If the parties have received "Confidential Information" and are served with a demand in another action to which it is a party or with a subpoena directed to produce the "Confidential Information," they shall not produce the "Confidential Information" and shall object to the production of the "Confidential Information," setting forth the existence of this Protective Order, provided that so objecting and not producing the "Confidential Information" is warranted by existing law or by a nonfriviolous argument for extending, modifying, or reversing existing law or for establishing new law. The party shall also give reasonable notice to all other parties that it has been requested to produce "Confidential Information". Nothing contained in this Order is intended to be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

15. All counsel for the parties who have access to information or material designated as "Confidential Information" under this Protective Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16. Nothing in this Order shall be deemed to restrict in any way the ability of any party to apply to the Court for a modification of this Order for good cause shown.

IT IS SO ORDERED.

Dated: December  20 , 2013

_____
HONORABLE ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, as Subrogee of the City of Anaheim and the CITY OF ANAHEIM, <br><br> Plaintiffs, <br><br> v. <br><br> AIR NEW ZEALAND LIMITED, a Corporation, GENERAL ELECTRIC COMPANY, a Corporation and DOES 1-25, Inclusive Defendants, <br><br> Defendants. | CASE NO.: SACV13-710 DOC (RNBx) <br><br><br> **ADDENDUM TO STIPULATED PROTECTIVE ORDER** |

The undersigned certifies that (1) he/she has read and understands the Stipulated Protective Order entered in the above-captioned litigation and attached hereto as Exhibit A; (2) that he/she understands that he/she is required to comply with the terms of that Order; and (3) that he/she understands that unauthorized disclosures of "Confidential Information" are prohibited and constitute contempt of court.

Signed this ____ day of _____ 2013.

_____
Signature and Printed Name

1258528v1

ADDENDUM TO STIPULATED PROTECTIVE ORDER

# PROOF OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

I am a employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 101 Second Street, 24th Floor, San Francisco, California 94105.

On December 18, 2013, I served the document(s) described as:

**STIPULATED PROTECTIVE ORDER [PROPOSED]**

on the parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 18, 2013, at San Francisco, California.

_____
Patricia Inabnet

1308171 1258528.1

-9-
STIPULATED PROTECTIVE ORDER [PROPOSED]

# SERVICE LIST

Charles L. Tuffley, Esq.
(Admitted *pro hac vice*)
DENENBERG TUFFLEY, PLLC
One Northwestern Plaza
28411 Northwestern Hyw., Suite 600
Southfield, Michigan 48034
E-mail: ctuffley@dt-law.com

and

Erin M. Lahey, Esq. (SBN 263810)
DENENBERG TUFFLEY, PLLC
10250 Constellation Blvd., Suite 2320
Los Angeles, California 90067
Tel.: (310) 356-4683
Fax: (310) 284-9089
E-mail: elahey@dt-law.com

Attorneys for Plaintiffs
LEXINGTON INSURANCE COMPANY,
as Subrogee for the City of Anaheim, and
the CITY OF ANAHEIM

Jeffrey Huron, Esq. (SBN 136585)
HURON LAW GROUP
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 284-3400
Facsimile: (310) 772-0037
E-mail: jhuron@huronlaw.com

and

Michael D. Fisse, Esq.
(Admitted *pro hac vice*)
DAIGLE FISSE & KESSENICH, PLC
227 Highway 21
Madisonville, Louisiana 70447
P. O. Box 5350
Covington, Louisiana 70434-5350
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
E-mail: mfisse@daiglefisse.com

Attorneys for Defendant
GENERAL ELECTRIC COMPANY